IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,784-02






EX PARTE JOHN ALLEN RUBIO








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 03-CR-457-B


IN THE 138TH JUDICIAL DISTRICT COURT


CAMERON COUNTY





 Per Curiam. 


O R D E R



 This case is before us because no application for writ of habeas corpus has been timely
filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071. (1)

 On August 10, 2010, the trial court appointed David A. Schulman to represent
applicant in a post-conviction writ of habeas corpus under Article 11.071. On November 9,
2011, the State filed in this Court its brief on applicant's direct appeal. Pursuant to Article
11.071, § 4(a), applicant's application for writ of habeas corpus was due in the convicting
court on or before December 24, 2011. (2) 

 According to applicant's counsel, counsel delivered to the trial judge on November
30, 2011, an unopposed motion for an extension of time to file applicant's habeas application
as permitted by Article 11.071, § 4(b). On December 12, 2011, counsel faxed a letter to the
judge reminding him of the pendency of the motion. However, despite counsel's efforts, and
despite the trial judge's apparent intent to grant the motion for extension, the trial judge did
not rule on the motion for extension before the date the application was due to be filed. 
Therefore, no application was timely filed, and this Court must determine the appropriate
action under Article 11.071, § 4A.

 When counsel notified this Court that no writ had been filed by the due date, he also
informed the Court that he originally requested the motion for extension from the trial court
because he had motions for experts pending before the judge but he was having difficulty
getting the judge to rule on his motions in a timely manner. When the judge responded to
an order issued by this Court, he noted that there have been numerous misunderstandings
throughout this case regarding whether the Cameron County clerk's office or the Hidalgo
County clerk's office was in charge of the filings. These misunderstandings apparently
resulted in the judge either not receiving certain papers and motions or receiving them
untimely.

 Given the showing of good cause by counsel, and the additional explanation from the
trial judge, we have determined that counsel should be permitted to continue representing
applicant on habeas and a new due date should be set. Applicant's application for writ of
habeas corpus shall be filed in the trial court on or before 180 days from the date of this
order. See Article 11.071, § 4A. 

 IT IS SO ORDERED THIS THE 26TH DAY OF SEPTEMBER, 2012.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.
2. Because December 24, 2011, was both a Satur been filed by the due date, he also
informed the Court that he originally requested the motion for extension from the trial
court because he had motions for experts pending before the judge but he was having
difficulty getting the judge to rule on his motions in a timely manner. When the judge
responded to an order issued by this Court, he noted that there have been numerous
misunderstandings throughout this case regarding whether the Cameron County clerk's
day and a holiday, applicant's application would have been timely filed if filed in the trial
court on or before December 27, 2011, the first day after the 24th that was neither a
weekend day nor a holiday.